UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS V. BELLISTRI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV1040MLM |
| | ) |
| JO ANNE B. BARNHART, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant Jo Anne B. Barnhart ("Defendant") denying the application of Plaintiff Thomas V. Bellistri for benefits under Title II of the Social Security Act and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § § 401, 1381 et seq. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 13.

Defendant has filed a Motion to Reverse and Remand pursuant to sentence four of § 205(g), 42 U.S.C. § 405(g). Doc. 21. Plaintiff Thomas V. Bellistri has filed a Response in Opposition. Doc. 22.

On March 19, 2002, the Administrative Law Judge (the "ALJ") issued a fully favorable decision on Plaintiff's applications for benefits. (Tr. 95-106). The ALJ's decision was reopened on the basis of a referral from the Office of the Inspector General. On August 6, 2004, the ALJ issued a decision unfavorable to Plaintiff. (Tr. 8-18). Defendant suggests that this matter should be reversed and remanded so that proper findings on fraud or similar fault may be made in compliance with the Hearings, Appeals, and Litigation Law Manual ("HALLEX"), provision I-2-9-65. Having considered

the arguments made by Plaintiff in opposition to the Motion to Reverse and Remand, the court finds that in the interests of justice this matter should be reversed and remanded to the Commissioner pursuant to § 205(g) for the reasons set forth in Defendant's Motion.

Upon remand, the ALJ should be directed to fully develop the record in a manner consistent with HALLEX, provision I-2-9-65. The court stresses that upon reversing and remanding this matter it does mean to imply that the Commissioner should return a finding in favor of Plaintiff. The court is merely concerned that the Commissioner's final determination, as it presently stands, is not consistent with the Regulations. As such, it cannot be said that the record is supported by substantial evidence. Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand is **GRANTED**. [Doc. 21]

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand is entered contemporaneously herewith remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. 405(g), sentence 4.

**IT IS FURTHER ORDERED** that upon entry of the Judgment, the appeal period will begin which determines the thirty (30) day period in which a timely application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, may be filed.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of April, 2006.