UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS BELLISTRI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1040MLM |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security. ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion for Attorney's Fees. [Doc. 27] The government responded. [Doc. 28] Plaintiff replied. [Doc. 29]

By Order dated April 12, 2006 this court remanded this case to the Commissioner of Social Security for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). A claimant seeking judicial review of a final decision denying Social Security benefits may recover attorney's fees if he or she receives a "sentence four" remand. See Shalala v. Schaefer, 509 U.S. 292, 295-96 (1993). Plaintiff therefore prevailed in this action and is not otherwise precluded from receiving attorney's fees.

Plaintiff requests an award of fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 in the amount of $11,008.12 representing 67.50 hours of attorney work at $161.75 per hour and 1.50 hours of paralegal (case administrator) work at $60.00 per hour. Defendant does not disagree that EAJA funds should be awarded in this case. However, defendant believes the number of attorney hours claimed is unreasonable. The court agrees with defendant that 28 U.S.C. § 2412(d)(2)(A) requires that the fees and other expenses awarded under the EAJA be "reasonable" and the court has an independent duty to determine the reasonableness of the fees. Id.

As an initial matter, the court finds that the 1.50 hours of paralegal or case administrator work at $60.00 per hour is reasonable.

As for the attorney work, the court finds that although plaintiff has used the hourly rate calculated by the 2006 cost of living increase, even for tasks performed in 2005, the $161.75 per hour is a reasonable rate compared to comparable rates charged in this district.

The issue then, is whether 67.50 hours of time for six attorneys is reasonable. The court finds, and defendant does not contest, that the transcript in this case was larger than usual and that the

brief contained an unusual argument regarding the jurisdiction of the Administrative Law Judge. Both defendant and plaintiff agree that lead counsel was extremely experienced in the area of Social Security disability. Plaintiff further points out that the other five lawyers consulted were experienced in Social Security law. Plaintiff was represented at the administrative level by the same firm and thus counsel was already familiar with the facts of the case.

The court has reviewed at length the thorough and carefully prepared Summary of Time and Activities generated by computer software, submitted by plaintiff. There is no way the court can say precisely how long it "should" take to write a letter, research an issue, discuss with other counsel, or draft a brief. There is no standard or generalized criteria by which such issues can be calculated because each case, each set of facts and each legal argument is separate and individual. The court cannot possibly give line item approval or make line item reductions where six attorneys working together are providing input to the final result. Nevertheless, the court finds that with any six attorneys there will be some duplication of effort - - especially when the entry is denominated "discussion" or "reviewed". The court does not mean to imply that the work was not done - - rather, merely, that the standard is "reasonableness" and 67.50 hours is excessive even for the issues in this case. The court finds that 55 hours is a more reasonable figure; 55 attorney hours at $161.75 per hour is $8,896.25; plus $90 for paralegal work amounts to a total of $8,986.25.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Attorney's Fees is **GRANTED** in part and **DENIED** in part. [Doc. 27]

**IT IS FURTHER ORDERED** that plaintiff be awarded attorney's fees under the EAJA in the amount of $8,986.25 payable to Gateway Legal Services, Inc.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  19th  day of July, 2006.